IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY T. MALLIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 16-cv-50380 |
| | ) | |
| UNIVERSITY VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership, and UNIVERSITY VILLAGE III A LIMITED PARTNERSHIP, an Illinois limited partnership, | ) ) ) ) ) ) | *Jury Demanded* |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, HENRY T. MALLIN, by and through his attorneys, Mickey, Wilson, Weiler, Renzi & Andersson, P.C., and for his Complaint at Law filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, against the Defendants, UNIVERSITY VILLAGE LIMITED PARTNERSHIP, an Illinois limited partnership, and UNIVERSITY VILLAGE III A LIMITED PARTNERSHIP, an Illinois limited partnership (hereafter collectively referred to as "Defendants"), states and alleges as follows:

### NATURE OF THE CASE

1. This action is brought by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000 *et seq.*] ("Title VII") for sexual harassment and discrimination and the Americans with Disabilities Act [42 U.S.C. §12111 *et seq.*] ("ADA") for disability-based harassment and discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this court pursuant to §2000e-5(3) of Title VII, §12111 *et seq.* of the ADA, and 28 U.S.C. §1331, in that the causes of action raised under the aforementioned statutes present a federal question.

3. Venue is proper in this court under 28 U.S.C. §1391(b)(2), as Plaintiff Henry T. Mallin resides within this judicial district, Defendants conduct business within this judicial district, and the events complained of all occurred within the jurisdictional limits of this judicial district.

## PARTIES

4. The Defendants are Illinois limited partnerships. The general partners for each said limited partnership are the same. Defendants are real estate investment companies providing student housing near the Northern Illinois University campus in DeKalb, Illinois. Each Defendant employed in excess of 15 employees and is an employer within the meaning of Title VII and the ADA. The events set forth in this Complaint relate to the business conducted by the Defendants at University Village Apartments located in DeKalb, Illinois.

5. Plaintiff, HENRY T. MALLIN ("Plaintiff"), is a male who was formerly employed by Defendants as a groundskeeper for properties owned and operated by the Defendants. At all times material and relevant to this Complaint, Plaintiff was an employee of each Defendant within the meaning of Title VII and the ADA.

## FACTS COMMON TO ALL COUNTS

6. On or about April 4, 2013, Plaintiff commenced his employment with Defendants as a groundskeeper at University Village Apartments located in DeKalb, Illinois.

7. Throughout the course of his employment with Defendants, Plaintiff was compensated at the rate of $10.00 per hour, and typically worked 40 hours per week.

8. Shortly after the commencement of his employment with Defendants, Plaintiff was subjected to repeated and unwelcomed sexual comments from at least three colleagues who were also employed by Defendants.

9. Specifically, these individuals repeatedly and continuously harassed Plaintiff by making lewd comments (telling Plaintiff, amongst other things, that he had "dick sucking lips"), defacing his personal property with sexually charged slogans and symbols (for example, placing a pink dildo in his coat and defacing his work gloves by writing "gay boy" on them), and referring to Plaintiff by using sexually disparaging epithets (including, but not limited to, "dildo baggins," "gay boy" and "cum guzzler").

10. Plaintiff requested that his colleagues stop the harassing behavior; however, these attempts were fruitless and the harassment continued.

11. In the summer of 2013, Plaintiff informed Tim Garland ("Garland"), maintenance manager, of the harassing and inappropriate sexual comments made to him by his colleagues.

12. Garland did not take any action to prevent the recurrence of said harassment. Instead, Garland responded by making a statement to the effect of "Are you not mentally capable of dealing with this on your own?" and noted that if he said something to the harassers that "Everything in the shop will need to change and that's not going to happen."

13. Despite Plaintiff's report of the sexual harassment to Garland, the harassment continued and Plaintiff remained subjected to unwelcomed sexual comments at Defendants' place of business, as well as on his personal cell phone.

14. Following Plaintiff's reporting of the harassment to his manager, the sexually inappropriate comments and related hostile behaviors began to escalate into verbal threats and physical harassment. Plaintiff's colleagues would threaten him by making statements such as "don't

f****** use my name in your mouth unless you want to be knocked the f*** out" and physically grabbing Plaintiff in order to get his attention.

15. Plaintiff was subjected to a hostile work environment while employed by Defendants and was subjected to repeated sexual harassment perpetrated by his colleagues.

16. In December of 2013, Plaintiff suffered an injury to his shoulder, for which surgery was required. Plaintiff was subsequently placed on light duty.

17. Following Plaintiff's injury, his colleagues continued with their inappropriate comments, making statements such as "Too bad you won't be able to jerk so many guys off at one time" and "Hope you would get a male nurse because you would enjoy that more."

18. In addition to making the sexually inappropriate comments, Plaintiff's colleagues harassed him about his inability to perform heavy lifting and belittled him about the fact that he was unable to engage in full duty activities.

19. Plaintiff's last day of work was March 4, 2014, which was the day prior to his scheduled surgery. Plaintiff decided not to return to work following his surgery due to the pervasive and ongoing harassment that he experienced which, notwithstanding his reports to management, had never been addressed.

20. On or about August 25, 2014, Plaintiff filed a Charge of Discrimination against the Defendants with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that he was subjected to constant sexual harassment by Defendants and that said harassment became so hostile that he was constructively discharged from his employment (Charge No. 440-2014-06215).

21. On or about November 21, 2014, Plaintiff sent a number of supplemental exhibits to the EEOC investigator, including photographic evidence of the defacement to Plaintiff's personal

property, cell phone records showing unwanted and unwelcome calls and text messages from his colleagues, and medical records pertaining to counseling sessions he received as a result of the harassment.

22. On or about September 12, 2016, Plaintiff filed an Amended Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC"), to address certain clerical errors in the August 25, 2014, filing, alleging discrimination based upon his sex and disability (Charge No. 440-2014-06215 Amended).

23. On or about September 28, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter.

### COUNT I
### SEX-BASED DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII

24. Plaintiff hereby realleges and incorporates Paragraphs 6 through 23 of Plaintiff's Complaint at Law, as though fully set forth and recited herein.

25. Defendants engaged in unlawful employment practices as defined in Title VII when it discriminated against Plaintiff by subjecting him to harassment based upon his sex.

26. Plaintiff was meeting legitimate job expectations when he suffered an adverse employment action, namely, the repeated sexual harassment and discrimination perpetrated by his colleagues, while his manager had knowledge of the same.

27. Defendants engaged in sex discrimination and harassment of Plaintiff when they allowed Plaintiff to continue to be subjected to a hostile work environment in which he was sexually harassed by his colleagues based upon his purported sexual preferences.

28. Defendants engaged in sex discrimination and harassment of Plaintiff, in violation of Title VII, when due to Plaintiff's sex, Defendants:

   a. Failed to take any action to address or prevent the recurrence of the repeated sexual harassment;

b. Advised Plaintiff that he should be capable of dealing with the behaviors on his own and that no action was going to be taken;

c. Neglected to investigate Plaintiff's claims of sexual harassment, discipline the colleagues perpetrating the harassment, and allowing the harassment to continue;

d. Constructively discharging Plaintiff from his employment; and

e. Otherwise discriminated against and harassed Plaintiff based upon his sex in violation of Title VII.

29. The sexual discrimination and harassment perpetrated by Plaintiff's colleagues with the knowledge of Plaintiff's superior, along with the verbal threats and aggressive physical contact directed toward him, forced Plaintiff to resign following his medical leave in order to escape the hostile environment.

30. The sexual discrimination and harassment perpetrated by Defendants caused Plaintiff to experience future pecuniary losses, emotional pain and stress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31. Defendants acted with malice and reckless indifference when they subjected Plaintiff to repeated sexual discrimination and harassment, as well as verbal threats and aggressive physical contact directed toward him, resulting in the constructive discharge of his employment.

32. Pursuant to Title VII, Plaintiff is entitled to damages, including, but not limited to, back pay, front pay, payment of benefits, compensatory, and punitive damages.

33. Plaintiff is further entitled to attorneys' fees for his prosecution of this cause of action pursuant to Section 2000e-5(k) of Title VII.

**WHEREFORE,** Plaintiff, HENRY T. MALLIN, respectfully prays that this court enter judgment in his favor and against the Defendants, UNIVERSITY VILLAGE LIMITED

PARTNERSHIP and UNIVERSITY VILLAGE III A LIMITED PARTNERSHIP, on Count I of his Complaint at Law, and for such other and further relief as this court deems just and appropriate.

## COUNT II
## DISCRIMINATION AND HARASSMENT BASED ON DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND TITLE VII

34. Plaintiff hereby realleges and incorporates Paragraphs 6 through 33 of Plaintiff's Complaint at Law, as though fully set forth and recited herein.

35. Plaintiff had a disability under the ADA in that he suffered from a physical impairment that substantially limited one or more of his major life activities; there was a record of such an impairment, and he was regarded as having such an impairment with regard to the torn labrum in his shoulder.

36. Defendants were aware of Plaintiff's disability and agreed to place him on light duty from the time of his injury until the time of his surgery.

37. Plaintiff was treated unfairly due to his disability by Defendants in that Defendants allowed Plaintiff's colleagues to subject him to ongoing and pervasive harassment.

38. Plaintiff informed both his colleagues and his supervisor that this harassment was unwanted and unwelcomed.

39. Notwithstanding the fact that Defendants were aware of this harassment, they took no action to remediate the harassing employees' behaviors.

40. The harassment experienced by Plaintiff on the basis of his disability had the purpose and effect of unreasonably interfering with his work performance and created a hostile work environment.

41. The discrimination and harassment perpetrated by Plaintiff's colleagues on the basis of his disability, with the knowledge of Plaintiff's supervisor, along with the verbal threats and

aggressive physical contact directed toward him, forced Plaintiff to resign following his medical leave in order to escape the hostile environment.

42. The discrimination and harassment perpetrated by Defendant on the basis of Plaintiff's disability caused Plaintiff to experience future pecuniary losses, emotional pain and stress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. Defendants acted with malice and reckless indifference when they subjected Plaintiff to repeated discrimination and harassment, based upon Plaintiff's physical disability, as well as verbal threats and aggressive physical contact directed toward him, resulting in the constructive discharge of his employment.

44. The harassment experienced by Plaintiff was severe and pervasive enough to alter the conditions of his employment and create an abusive working environment.

45. Plaintiff is entitled to damages, including, but not limited to, back pay, front pay, payment of benefits, compensatory, and punitive damages pursuant to 42 U.S.C. §12117.

46. Plaintiff is further entitled to attorneys' fees for his prosecution of this cause of action pursuant to Section 42 U.S. C. §§12117(a), 2000e-5(k).

**WHEREFORE,** Plaintiff, HENRY T. MALLIN, respectfully prays that this court enter judgment in his favor and against the Defendants, UNIVERSITY VILLAGE LIMITED PARTNERSHIP and UNIVERSITY VILLAGE III A LIMITED PARTNERSHIP, on Count II of his Complaint at Law, and for such other and further relief as this court deems just and appropriate.

> HENRY T. MALLIN, Plaintiff
>
> By: /s/ Bernard K. Weiler
> One of his attorneys

## JURY DEMAND

Plaintiff demands a trial by jury on all counts of the above captioned cause.

                              HENRY T. MALLIN, Plaintiff

                    By:   /s/ Bernard K. Weiler
                            One of his attorneys

Mr. Bernard K. Weiler/3128608
Ms. Laura M. Julien/6305687
Mr. Gary K. Mickey/1905007
Ms. Catherine E. Lenert/6297098
Ms. Jessica L. Briney/6302477
Ms. Kirsten A. Casas/6296768
MICKEY, WILSON, WEILER, RENZI & ANDERSSON, P.C.
140 S. Municipal Drive
Sugar Grove, IL 60554
Tel: 630/801-9699
Fax: 630/801-9715
bkw@mickeywilson.com
lmj@mickeywilson.com
gkm@mickeywilson.com
cel@mickeywilson.com
jlb@mickeywilson.com
kac@mickeywilson.com